IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA HOPKINS, et al.;<br>*Plaintiffs,*<br><br>v.<br><br>CITY OF COLLEGE STATION, TEXAS; et al.;<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.**<br>**4:25-cv-00473**<br><br>Judge Charles Eskridge, presiding<br>Courtroom 9F<br>515 Rusk Street<br>Houston, TX 77002 |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST AND TRIAL WITNESS LIST, AND RESPONSE TO DEFENDANTS' MOTION IN LIMINE**

TO THE HONORABLE CHARLES ESKRIDGE:

Come now Plaintiffs and file these Objections to Defendants' Trial Exhibit List (Form 13, Dkt. 27-1) and Trial Witness List (Form 14, Dkt. 27-2), and this Response to Defendants' Motion in Limine (Dkt. 27-4), pursuant to Sections 22(d), 23(c), and 25(c) of the Court's Procedures and within seven days of the September 17, 2026 filing of the Joint Pretrial Order (Dkt. 24, 27), and would respectfully show unto this Honorable Court the following:

## I. OBJECTIONS TO DEFENDANTS' TRIAL EXHIBIT LIST (DKT. 27-1)

### *A. Preliminary Statement*

1. On September 17, 2026, Defendants filed and served Defendants' Original Trial Exhibit List (Dkt. 27-1). The list carries a final printed exhibit number of 96 and contains ninety-seven entries as printed: Exhibit 41 appears twice, Exhibit 92 appears twice, no Exhibit 42 or 93 exists, the twenty-fourth entry is numbered "242," and an entry numbered "94" appears between Exhibits 45 and 46 in addition to the Exhibit 94 appearing after the second Exhibit 92. Paragraph 9 below identifies each affected entry by position and Bates range.

2. On September 17, 2026, Plaintiffs filed and served Plaintiffs' Original Trial Exhibit List with the Joint Pretrial Order (Dkt. 24-1), identifying 336 exhibits. In conjunction with this filing, Plaintiffs filed and served Plaintiffs' First Amended Trial Exhibit List, reducing that list to 207 exhibits. The amendment is subtractive only: no exhibit was added; 129 were removed. Consistent with the Court's procedures, Plaintiffs have culled — and will continue to cull — the list to the exhibits Plaintiffs reasonably anticipate offering at trial. Because the amendment only removes exhibits, the parties' points of agreement and objection differ from those reflected in the original lists, and Plaintiffs' objections below are stated against the backdrop of Plaintiffs' First Amended Trial Exhibit List.

3. Comparing each entry on Defendants' list against all 207 exhibits on Plaintiffs' First Amended Trial Exhibit List by Bates range and, where stated, page designations, the following should be noted:

- twenty-four of Defendants' entries are identical, by Bates range and page designation, to exhibits on Plaintiffs' First Amended Trial Exhibit List;
- fifteen entries identify documents or recordings of which Plaintiffs list only designated pages or designated files or identify them without a stated version or through ranges that subsume other listed exhibits; and
- the remaining fifty-eight entries identify materials that appear nowhere on Plaintiffs' First Amended Trial Exhibit List.

Plaintiffs state their objections and agreements more specifically as follows.

4. **No objection — Defendants' Exhibits 1–5, 7 – 9, 11–14, 19, 25, 30–37, 47, 84, and 87.** Plaintiffs do not object to Defendants' Exhibits 1 through 5, 7 through 9, 11 through 14, 19, 25, 30 through 37, 47, 84, and 87. Each is identical, by Bates range and page designation, to an exhibit on Plaintiffs' First Amended Trial Exhibit List. For example, Defendants' Exhibit 87 (TCOLE Personal Status Reports, CS9387–CS9512) corresponds to Plaintiffs' Exhibit 112.

5. **Objection in part — page-designated documents — Defendants' Exhibits 6, 10, and 90.** Plaintiffs object under Rules 402, 403, 802, and 805 to those portions of the following exhibits beyond the pages Plaintiffs designated, and do not object to the designated pages:

- **Exhibit 6** (Distraction Device Training Combined, CS09936–CS10269) — no objection limited to pages 96 through 217 and 233 through 304;
- **Exhibit 10** (2023 Informational Memorandum, Administrative Review 001, CS9532–CS9677) — no objection limited to CS9532 through CS9537;
- **Exhibit 90** (Investigation Report 23-001092, unredacted, CS9805–CS9932) — no objection limited to pages 9824 through 9825, 9896 through 9897, and 9905 through 9927.

6. **Objection in part — designated files within broader ranges.** Plaintiffs list designated video files within the ranges the following exhibits identify, and object under Rules 402, 403, 802, and 805 to the balance of each range:

- **Exhibit 56** — no objection limited to CS7610, CS7612, CS7613, and CS7614; ***objection maintained as to:*** CS7599–CS7606, CS7608–CS7609, CS7611, and CS7615;
- **Exhibit 61** — no objection limited to CS7800, CS7992, CS7994, and CS7999; ***objection maintained as to:*** CS7801–CS7802, CS7990–CS7991, CS7993, CS7995, and CS7997–CS7998;
- **Exhibit 67** — no objection limited to CS8290, CS8296, CS8298, CS8301, CS8303, CS8306, CS8308, CS8309, CS8311, CS8312, CS8316, CS8325, CS8326, CS8329, and CS8330; ***objection maintained as to:*** CS8286 and CS8287–CS8289, CS8291–CS8295, CS8297, CS8299–CS8300, CS8302, CS8304–CS8305, CS8307, CS8310, CS8313–CS8315, CS8317–CS8324, CS8327–CS8328, and CS8331–CS8332;
- **Exhibit 70** — no objection limited to CS8342; ***objection maintained as to:*** CS8341 and CS8343;
- **Exhibit 71** — no objection limited to CS8352; ***objection maintained as to:*** CS8345–CS8351 and CS8353–CS8355;
- **Exhibit 76** — no objection limited to CS8566, CS8571, and CS8572; ***objection maintained as to:*** CS8510–CS8565 (evidence audit log and table of contents), CS8567–CS8570 and CS8573–CS8576 (remaining video), and CS8577–CS8587 (transcripts);

- **Exhibit 77 —** no objection limited to CS8611; ***objection maintained as to:*** CS8588–CS8610 (evidence audit log, table of contents, and remaining video) and CS8612–CS8620 (remaining video and transcripts);
- **Exhibit 78 —** no objection limited to CS8632 and CS8633; ***objection maintained as to:*** CS8621–CS8631 (evidence audit log, table of contents, and remaining video) and CS8634–CS8636 (transcripts);
- **Exhibit 79 —** no objection limited to CS8644 and CS8645; ***objection maintained as to:*** CS8637–CS8643 (evidence audit log and table of contents) and CS8646–CS8647 (transcripts).

Plaintiffs further object to Exhibits 60 and 66 as printed: the combined-records range of Exhibit 60 (CS7635–CS7988) subsumes Bates ranges Defendants list separately as Exhibits 61, 63, 64, and 65, and the combined-records range of Exhibit 66 (CS7949–CS8279) subsumes the video Bates of Exhibit 61. Neither entry identifies a discrete exhibit with the particularity the Court's procedures require.

7. **Objection — Defendants' Exhibits 15–18, 20–23, the entry numbered "242" (twenty-fourth position), 26–29, 38–41, the second entry numbered "41" (forty-second position), 43–45, the entry numbered "94" (forty-sixth position), 46, 48–55, 57–59, 62–65, 68, 69, 72–75, 80–83, 85, 86, 88, 89, 91, 92, the second entry numbered "92" (ninety-third position), 94, 95, and 96.** Plaintiffs object to the following fifty-eight entries, none of which appears on Plaintiffs' First Amended Trial Exhibit List, on the grounds stated as to each:

- **Exhibits 15–18, 20–23, and the entry numbered "242" in the twenty-fourth position** (body-worn, helmet, and in-car recordings, CS0001–CS0004, CS0007, CS0008, and CS0011–CS0013) — FRE 402, 403, 802, and 805: needless presentation of cumulative evidence given the recordings already listed by both parties (Norris, McClung, Le, Cartwright), and out-of-court statements captured on the recordings offered for their truth;
- **Exhibits 26–29** (redacted versions of Investigation Reports 23-001092, 23-001104, and 2023-001105 and of the Administrative Review, CS0016–CS0427) — FRE 402, 403, 802, and 805: cumulative of the unredacted versions of the same documents, hearsay, and hearsay within hearsay as to the witness statements the reports contain;
- **Exhibit 38** (Standard Operating Procedure, Chapter 55 – Handling Emotionally Unstable Persons, CS1376–CS1383) — FRE 402 and 403: no claim or defense

implicates the emotionally-unstable-persons policy, and the exhibit invites confusion of the issues;

- **Exhibits 39–41, the second entry numbered "41" (forty-second position), Exhibits 43–45, the entry numbered "94" (forty-sixth position), and Exhibit 46** (officer training records, CS1384–CS6792) — FRE 402, 403, 802, and 805: approximately 5,400 pages of records, in substantial part concerning officers who are not alleged to have used force, offered wholesale; waste of time and needless cumulation;

- **Exhibits 48–54** (925 Spring Loop transcripts and recordings: officer-involved-shooting video and transcript, Keough walk-through video and transcript, dash-camera footage, perimeter video, CS7181–CS7219) — FRE 402, 403, 802, and 805: transcripts and recordings containing out-of-court statements offered for their truth, cumulative of the recordings both parties list;

- **Exhibits 55, 57–59, and 62–65** (combined records, recordings, and transcripts concerning 1775 Greens Prairie Road, 3934 Tranquil Path Drive, and 1711 N. Earl Rudder Freeway, including the Siddons, Valdez, and Gentry recordings) — FRE 402, 403, 404(b), 802, and 805: materials concerning other locations, other suspects, and other persons' alleged acts, offered to suggest the character and dangerousness of persons other than Plaintiffs and the decedent; confusion of the issues and unfair prejudice; recorded custodial statements of non-parties are hearsay;

- **Exhibits 68, 69, and 72–75** (additional recordings, transcripts of witness statements, the SCENE 2go application file, and firearm evidence audit trail and photographs, CS8333–CS8509) — FRE 402, 403, 802, and 805; and, as to Exhibit 73, FRE 901: a native proprietary application file whose authenticity and completeness cannot be assessed from the designation;

- **Exhibits 80–83, 85, and 86** (evidence audit logs, digital-microscope and laboratory photographs, scene photographs part 2, scan files, and scene video, CS8648–CS9386) — FRE 402, 403, 802, and 805: cumulative of the scene photographs to which Plaintiffs do not object (Exhibit 84); and, as to Exhibit 80, FRE 901: the entry claims CS9513–CS9516 for a table of contents and FARO scan files although those Bates pages are the City of College Station Charter, Article III (CS9513–CS9520, Plaintiffs' Exhibit 9), so the exhibit as designated cannot be identified or authenticated;

- **Exhibits 88 and 89** (unredacted Investigation Reports 2023-001105 and 23-001104, CS9521–CS9531 and CS9678–CS9804) — FRE 402, 403, 802, and 805;

- **Exhibit 91** (Distraction Device Training Combined 2, CS10275–CS10398) — FRE 402, 403, and 802: cumulative of the pages of Exhibit 6 to which Plaintiffs do not object;

- **Exhibit 92** (Expert Report of Bryan D. Chiles, no Bates stated), **the second entry numbered "92" (ninety-third position)** (Expert Report of Larry Donnell Gordon, CS010993–CS011012), and **Exhibit 94** (Expert Report of Marcus L. "Sandy" Wall, CS011013–CS011037) — FRE 802, 805, and 403: an expert's report is hearsay and is not admissible as an exhibit even where the expert testifies; FRE 702 as to the

Gordon and Wall reports, which are the subject of Plaintiffs' pending motion to exclude (Dkt. 26); and the Chiles entry states no Bates range and does not identify the document with the particularity the Court's procedures require;

- **Exhibit 95** (Defendants' Expert Materials, CS9521–CS9935, CS10418–CS10992, and "CS11037-111271") — FRE 402, 403, 802, 805, and 901: an omnibus entry of approximately 1,200 pages that is not a discrete exhibit identified with the particularity the Court's procedures require; its third range is facially defective as printed; and its first range duplicates Exhibits 4, 10, 88, 89, and 90;
- **Exhibit 96** (autopsy report, autopsy photographs, and toxicology findings, "CS0116-CA0139" as printed) — FRE 402, 403, 802, 805, and 901: the mixed-prefix range, read as CS0116–CS0139, falls inside the Investigation Report range of Exhibit 26 and does not identify the autopsy file; autopsy photographs present a substantial risk of unfair prejudice; and the report and toxicology findings are hearsay.

8. **Identification of misnumbered entries.** To avoid ambiguity, Plaintiffs identify the affected entries by position and Bates range: the twenty-fourth entry, numbered "242" (Vazquez body-worn camera, CS0013); the forty-second entry, numbered "41" (Pavelka training records, CS2843–CS3595); the forty-sixth entry, numbered "94" (Huth training records, CS5026–CS5843); and the ninety-third entry, numbered "92" (Gordon report, CS010993–CS011012). No entry is numbered 42 or 93. Plaintiffs request that Defendants serve a conformed list.

9. Plaintiffs' objections are stated on the exhibits as listed and are in addition to, and without waiver of, objections available at trial under the Federal Rules of Evidence, including objections to foundation, completeness, and use.

## II. OBJECTIONS TO DEFENDANTS' TRIAL WITNESS LIST (DKT. 27-2)

### *A. Witness 16 (Larry Donnell Gordon) and Witness 14 (Marcus L. "Sandy" Wall)*

10. Plaintiffs object to Gordon and Wall in full for the reasons stated in Plaintiffs' pending motion to exclude (Dkt. 26), which is incorporated by reference. Fed. R. Evid. 104(a), 702, 703, 403; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v.*

*Carmichael*, 526 U.S. 137 (1999); *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007); Fed. R. Civ. P. 26(a)(2)(B), 37(c)(1).

11. What's more, Gordon's Form 14 description states the objection on its face: he is offered to testify that the application of force fell "within the range of objectively reasonable responses expected of a trained SWAT operator under similar circumstances, particularly while taking fire from a suspect." Dkt. 27-2 at 5. That is the ultimate legal question, answered on an assumed and disputed account of the facts. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); Fed. R. Evid. 702, 704.

### *B. Opinion Testimony by the Officer Witnesses (Witnesses 1–10)*

12. Defendants' witness list designates all ten officers as fact witnesses only. No officer is designated under Rule 26(a)(2)(C), and no disclosure of the subject matter, facts, and opinions of any officer's testimony has ever been served. The deadline for Defendants' expert designations – extended by agreement – has passed. Under Rule 37(c)(1), the officers may not offer opinion testimony on tactical standards, policy compliance, training adequacy, threat assessment, or the reasonableness of any officer's conduct, and Rule 701(c) bars the same opinions offered in lay-witness form as testimony based on specialized knowledge. Plaintiffs do not object to any officer testifying to what he perceived, did, or decided on February 8, 2023, or to his own training and experience as historical fact. Plaintiffs will object at trial to any question calling for opinion testimony in the categories identified above. Fed. R. Civ. P. 26(a)(2)(C), 37(c)(1); Fed. R. Evid. 701(c), 702.

### *C. Presentation by Deposition (Witnesses 4 and 10)*

13. Defendants marked deposition presentation for Investigator Huth (Witness 4) and Assistant Chief Pavelka (Witness 10) but filed no deposition designations; Defendants' Form 15 states "none at this time." Dkt. 27 (Table of Contents).

14. Plaintiffs object to Defendants' presentation of any listed witness by deposition. Both witnesses are available and within Defendants' control, and the Joint Pretrial Order requires a showing of unavailability under Rule 32 for the use of deposition designations except as the parties have stipulated in Section 16. Dkt. 24 §§ 11, 13(b); Fed. R. Civ. P. 32(a)(4), 26(a)(3)(A)(ii), 37(c)(1).

15. The Section 16 stipulation confers no such right on Defendants: by its terms, "Plaintiffs may, at their election, offer" the dismissed Defendants' deposition testimony and discovery responses, as a material condition of Plaintiffs' agreement to the dismissal. Dkt. 24 § 16. Any deposition use Defendants later propose must follow the rolling designation protocol of Section 11 of the Joint Pretrial Order.

### *D. No Objection*

16. Plaintiffs do not object to Witness 15 (Bryan D. Chiles), subject to confinement of his testimony to the scope of his April 15, 2026 report [CS010399–CS010417].

## III. RESPONSE TO DEFENDANTS' MOTION IN LIMINE (DKT. 27-4)

17. Defendants' motion presents a single topic: an order barring "any reference" to the occupants of 925 Spring Loop as college students, other than specific references to Mark Hopkins.

18. **Response**. As drafted, "any reference" is overbroad, and the motion should be denied because it would otherwise reach: (a) references to Mark Hopkins's enrollment, which the motion itself excepts and which Plaintiffs' Exhibits 121 through 123 (Blinn College enrollment, transcript, and account records) establish; (b) witnesses' truthful testimony regarding their own

education and graduation; (c) accurate description of the residence, the complex, and the occupants' ages and circumstances, which bears on the totality of the circumstances, including what the planning officers knew or should have known about who was likely to be inside, *Barnes v. Felix*, 605 U.S. 73, 80–84 (2025); and (d) admitted exhibits, recordings, and recorded statements in which the phrase appears. An order in limine cannot place admitted evidence in violation.

19. The references are relevant. Fed. R. Evid. 401, 402. The College Station police officers knew the makeup of the City's residents generally, and, through their own investigation and the threat assessment prepared for 925 Spring Loop, knew or should have known who was likely to be inside that residence. That knowledge bears directly on the adequacy of the knock-and-announce and the reasonableness of the entry tactics under the totality of the circumstances. The occupants' ages, stage of life, and prior experience with law enforcement likewise bear on their perception, reaction, and state of mind during a predawn entry.

20. The references are not unfairly prejudicial. Fed. R. Evid. 403. "College student" is a neutral demographic descriptor, not an inflammatory label. The events occurred in a city whose median age is 22.9 years. U.S. Census Bureau, American Community Survey 5-Year Estimates (2023). In College Station, the phrase describes the ordinary resident. Defendants identify no unfair prejudice; their evidentiary support — Ms. Wilson's graduation date and her uncertainty regarding Ms. Decoux's enrollment — goes to accuracy, and accuracy is tested by cross-examination, not exclusion.

21. Rule 404 does not apply. Enrollment status is not a character trait, and no reference to the occupants as college students is offered to prove that any person acted in conformity with a character trait on a particular occasion. The motion identifies no propensity inference, and none exists.

## IV. CONCLUSION AND PRAYER

22. Plaintiffs respectfully request that the Court:

(a) sustain Plaintiffs' objections to Defendants' Trial Exhibit List and, as to each exhibit objected to in part, limit any offer or admission to the pages and Bates-designated files identified in Section I;

(b) strike Exhibit 95, or order Defendants to replace it by amendment itemizing each document within it as a discrete, separately numbered exhibit;

(c) order Defendants to serve and file a conformed exhibit list correcting the numbering and Bates defects identified in Section I within seven days;

(d) bar opinion testimony from Witnesses 1 through 10 on tactical standards, policy compliance, training adequacy, threat assessment, and the reasonableness of any officer's conduct, without limiting any officer's testimony to what he perceived, did, or decided;

(e) sustain Plaintiffs' objections to Witnesses 14 and 16 for the reasons stated in Plaintiffs' pending motion to exclude (Dkt. 26);

(f) require live presentation of Witnesses 4 and 10 absent a showing under Rule 32(a)(4) and compliance with Section 11 of the Joint Pretrial Order, and confine Witness 15 to the scope of his April 15, 2026 report;

(g) deny Defendants' Motion in Limine; and

(h) grant Plaintiffs all other relief to which they are entitled.

Respectfully submitted,

*/s/ Bradford J. Gilde*
Bradford J. Gilde | TSB#: 24045941 | Attorney-in-Charge
FID#: 4010300
bjg@gildelawfirm.com
**GILDE LAW FIRM, PLLC**
5535 Memorial Drive, Suite F #154, Houston, Texas 77007
Telephone: (281) 973-2772 | Facsimile: (281) 973-2771

-AND-

**DURHAM, PITTARD & SPALDING, LLP**
Thad D. Spalding | TSB#: 00791708 | tspalding@dpslawgroup.com

Shelby J. White | TSB#: 24084086 |
swhite@dpslawgroup.com
P.O. Box 224626, Dallas, Texas 75222
Telephone: (214) 946-8000 | Facsimile: (214) 946-8433

-AND-

**AARON PERRY LAW FIRM**
Aaron William Perry | TSB#: 24068270 |
aaron@aaronperrylawfirm.com
4545 Bissonnet, Suite 202, Bellaire, Texas 77401
Telephone: (713) 393-7788 | Facsimile: (713) 586-0380

***Attorneys for Plaintiffs*** *Cynthia Hopkins and Geoffrey Hopkins, individually and on behalf of the Estate of Mark Hopkins, Deceased; and Alyssa Michelle Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this notice as service of this document by electronic means.

*/s/ Bradford J. Gilde*
Bradford J. Gilde